MOORE, GUARDIAN, APPELLANT, *v.* EMMANUEL FAMILY TRAINING CENTER, INC., D.B.A. EMMANUEL CARE CENTER, APPELLEE.
COLOMA FROZEN FOODS, INC., APPELLANT, *v.*
TJL ENTERPRISES, INC. ET AL., APPELLEES.

[Cite as Moore *v.* Emmanuel Family Training Ctr. (1985),
18 Ohio St. 3d 64.]

(Nos. 84-752 and 84-1196—Decided June 26, 1985.)

*Nicholas M. DeVito & Assoc., Nicholas M. DeVito* and *Ellen H. Murray,* for appellant in case No. 84-752.

*Willacy & LoPresti* and *Aubrey B. Willacy,* for appellee in case No. 84-752.

*Schmelzer & Goren, Michael Goren, Thomas Schmelzer* and *Douglas Solomon,* for appellant in case No. 84-1196.

*Per Curiam.* The court of appeals found that both appellants had alleged meritorious claims and that their motions were made within a reasonable time. However, the court held that appellants had failed to demonstrate that they were entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5). Specifically, appellants allege, but the appellate court did not find, excusable neglect.

Accordingly, the primary question presented by these appeals is whether the trial courts' erred in overruling appellants' Civ. R. 60(B) motions for relief premised on excusable neglect.

The issue to be decided on an appeal from the denial of a Civ. R. 60 motion for relief from judgment is whether the trial court abused its discretionary authority provided by the rule. *State, ex rel. Freeman,* v. *Kraft* (1980), 61 Ohio St. 2d 284 [15 O.O.3d 287]. Although a court is granted discretion, it "* * * is not unbridled." *Doddridge* v. *Fitzpatrick* (1978), 53 Ohio St. 2d 9, at 12 [7 O.O.3d 5].

Civ. R. 60(B) provides in relevant part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * *."

In *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], this court held at paragraph two of the syllabus:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

As we recently reiterated in *Argo Plastic Products Co.* v. *Cleveland* (1984), 15 Ohio St. 3d 389, to prevail on a motion brought under Civ. R. 60(B), a trial court must determine whether the movant has demonstrated " '* * * (1) the existence of a meritorious defense or claim, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is made within a reasonable time.' Should any prong of the standard for granting motions brought under Civ. R. 60(B) be unsatisfied, relief shall be denied." See, also, *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348, at 351.

In the cases *sub judice* the court of appeals reviewed the three prongs of the *GTE-Argo* test and applied them to the cases before it. Under Civ. R. 60(B), a movant's burden is only to allege a meritorious claim, not to prevail on the merits of the claims. *Colley* v. *Bazell* (1980), 64 Ohio St. 2d 243, at 247, fn. 3 [18 O.O.3d 442]. In both cases the appellate court correctly found that the appellants had alleged meritorious claims of negligence which would be presented if relief was granted. Thus the first requirement of *GTE* is met.

The third element of *GTE* is that the motion be made within a reasonable time. Again, we agree with the appellate courts' findings that under the circumstances the motions herein were timely filed.

The second element of *GTE* provides that the moving party must demonstrate he is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5).[1] At issue in the cases before us is whether appellants demonstrate they were entitled to relief for the reasons of mistake, inadvertence or excusable neglect. For the following reasons, we hold that both trial courts abused their discretion and should have granted the relief from judgment requested by appellants.[2]

### Case No. 84-752

The appellate court herein stated that lack of individual notice of a properly journalized discovery order was not sufficient grounds on which to afford Civ. R. 60(B) relief for excusable neglect. We disagree and find that appellant Moore has set forth sufficient operative facts to warrant relief for mistake or excusable neglect under Civ. R. 60(B)(1).

---

[1] We have previously identified the purpose of Civ. R. 60 as affording "relief in the interest of justice." *Blasco* v. *Mislik* (1982), 69 Ohio St. 2d 684, 688 [23 O.O. 3d 684]. See, also, *Svoboda, supra,* at 351. The fact that we are dealing with a judgment rendered other than on the merits must also be remembered. Any doubt should be resolved in favor of the motion to vacate so that cases may be decided on the merits. *Blasco,* at 688. Certainly the dismissal at issue herein is as abhorrent as the one we set aside in *Svoboda.*

[2] Appellant Moore claims $500,000 as damages and appellant Coloma claims $23,520 due it on account. This court in fn. 5 of *Colley, supra,* at 249, observed: " 'What is excusable neglect and what is inexcusable neglect can hardly be determined in a vacuum. * * * *Matters involving large sums should not be determined by default judgments if it can reasonably be avoided.*' " (Emphasis added.)

"As a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ. R. 60(B)(1)." *GTE, supra,* paragraph four of the syllabus. As we observed in *Argo, supra,* at 392, "* * * the conduct of counsel is imputed to his client." However the attorney's conduct in *Argo* is distinguishable as it constituted active misconduct between a client and his counsel which the trial court correctly determined would not fall within the purview of Civ. R. 60(B)(1).

In the instant case, however, the attorney did not receive notice of the trial court's discovery order nor did counsel have actual knowledge of its existence. Although counsel's mistake or neglect will be imputed to appellant, the error herein occurred between the counsel and the court, exactly the type of situation which deserves a Civ. R. 60(B) analysis to determine excusability of counsel's action.

We believe this case is analogous to the setting we considered in *Doddridge* v. *Fitzpatrick, supra.* In *Doddridge* the plaintiff was unable to locate the defendant's address and obtained service by serving the Secretary of State pursuant to R.C. 2703.20. Having no knowledge of the suit, defendant failed to file an answer and the plaintiffs were awarded a default judgment by the trial court. Approximately two months later, the defendant filed a motion to vacate the judgment together with an affidavit claiming he had no actual notice or knowledge of the lawsuit and had therefore failed to defend the suit. The trial court overruled the motion and an appeal ensued. This court ultimately held that the defendant was entitled to relief under Civ. R. 60(B)(1) because his default was the result of "excusable neglect." *Id.* at 13. The court went on to state: "In view of the fact that appellee had neither knowledge nor actual notice of the suit against him and of the fact that it is court policy, when deciding Civ. R. 60(B) motions to encourage the resolution of cases on their merits, we * * * [hold there was a valid Civ. R. 60(B)(1) claim]." *Id.* at 13-14.

" '* * * [T]he concept of "excusable neglect" must be construed in keeping with the proposition that Civ. R. 60(B)(1), is a remedial rule to be liberally construed, while bearing in mind that Civ. R. 60(B) constitutes an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." 11 Wright & Miller, Federal Practice & Procedure 140, Section 2851, quoted in *Doddridge* v. *Fitzpatrick* (1978), 53 Ohio St. 2d 9, 12 [7 O.O.3d 5].' " *Svoboda,* at 349.

Although the negligence of counsel will be imputed to the moving party, the issue of when such conduct is "excusable" under the rule is determined by whether the second prong of *GTE* is met. In *GTE* at 152 we provided additional guidance as to when conduct is excusable: " '[I]f an attorney's *conduct falls substantially below what is reasonable under the circumstances,* the client's remedy is against the attorney * * *.' " (Emphasis added.) We then concluded that the attorney's conduct in *GTE* "* * * reveals a *complete disregard for the judicial system* and the right of the appellee. This is not excusable neglect." (Emphasis added.) *Id.* at 153.

This court has indicated its disfavor of granting default judgments for negligent failure to comply with discovery orders. *Toney* v. *Berkemer* (1983), 6 Ohio St. 3d 455. Sanctions other than the harsh remedy of dismissal, such as not allowing the expert testimony as evidence, would have been more appropriate in this case. *Id.* at 459. See, also, *Paugh & Farmer, Inc.* v. *Menorah Home for Jewish Aged* (1984), 15 Ohio St. 3d 44, where we upheld a trial court's exclusion of expert testimony when the party calling the expert had failed to name the expert as ordered by the court.

Additionally, we find scant, if any, evidence in this case that appellee would have been unduly prejudiced had the court allowed appellant to provide the requested discovery when counsel first became aware of the court's order.[3]

Therefore, the judgment of the court of appeals is reversed, and the cause is remanded to the trial court for further proceedings in accordance with this opinion.

## Case No. 84-1196

Appellant failed to appear at a scheduled pretrial conference. This case involves similar considerations and policy concerns to those set forth above in *Moore* concerning the excusability of counsel's omission.

Additionally relevant to this case is Civ. R. 41(B)(1) which provides:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, *after notice to the plaintiff's counsel,* dismiss an action or claim." (Emphasis added.)

In *Perotti* v. *Ferguson* (1983), 7 Ohio St. 3d 1, 2-3, we observed that:

"Under these rules, there is no doubt that a trial court may, *sua sponte,* dismiss an action for non-appearance at a pre-trial conference. Cf. *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89. As an indispensable prerequisite to the dismissal, however, the plain language of Civ. R. 41 (B)(1) requires that plaintiff's counsel be given notice of the intended dismissal."

We observed that our holding in *Perotti* "* * * is in accordance with the spirit of Civ. R. 41(B)(1). As noted in McCormac, Ohio Civil Rules Practice (1983 Cum. Supp.) 118, Section 13.07, the purpose of this notice requirement is to give a party an opportunity to obey the order. Indeed, upon notification of the intended dismissal, appellant could have corrected the defect, proceeded with the action, or dismissed the action voluntarily

---

[3] Emmanuel also asserts that this court should decline jurisdiction because Moore's notice of appeal was not filed in this court within thirty days after its filing in the court of appeals pursuant to Section 1(B), Rule I of the Rules of Practice of the Supreme Court of Ohio. (The notice was filed in the appellate court on April 4, and in this court on May 8.) In *Riley* v. *Montgomery* (1984), 11 Ohio St. 3d 75, at 76, we held that this rule is discretionary with the court and that failure to file is not a jurisdictional defect. As in *Riley*, "[w]e are not inclined to dismiss in this case where the delay was a mere four days and appellee was not prejudiced in any way."

* * *." *Id.* at 3. (Although the dismissal in *Perotti* was with prejudice, and the instant dismissal was without prejudice, the notice requirements of Civ. R. 41[B][1] clearly apply to both types of dismissals. *E.g., Svoboda, supra.*)

As in *Svoboda, supra,* at 349, "[t]he question in this appeal is whether the trial court erred in holding that the plaintiff was not entitled to relief from judgment under Civ. R. 60(B)." In *Svoboda* we found facts similar to those presented herein:

"In the case at bar there was no 'motion' by the defendant or by the court pertaining to dismissal under Civ. R. 41(B)(1), or any 'court order' within the meaning of such rule with which the plaintiff failed to comply. Furthermore, when the court proceeds under Civ. R. 41(B)(1) on its own motion to dismiss, it can do so only 'after notice to the plaintiff's counsel' or to the plaintiff. No such notice was given by the trial court. *In re Appeal of Little Printing Co.* (1980), 70 Ohio App. 2d 182 [24 O.O. 3d 284]; *Metcalf v. Ohio State Univ. Hosp.* (1981), 2 Ohio App. 3d 166. It was an abuse of discretion by the trial court to dismiss this action for want of prosecution where notice was not given to the plaintiff, or to plaintiff's counsel, prior to dismissal that the action would be dismissed. See *Pembaur v. Leis* (1982), 1 Ohio St. 3d 89; *Allstate Ins. Co. v. Rule* (1980), 64 Ohio St. 2d 67, 69 [18 O.O. 3d 299]: *Curtis v. Chiaramonte* (1978), 53 Ohio St. 2d 15 [7 O.O. 3d 61]." *Id.* at 350.

The *Svoboda* court concluded that the requirements for a motion to vacate had been satisfied as appellant's "failure to prosecute" was due to excusable neglect.

In the instant case, it is undisputed that appellant was not notified of the court's intent to dismiss. By not providing advance notice, the court failed to comply with the Civil Rules it sought to enforce. Additionally, although not controlling in this case, we believe appellant's argument that counsel acted in accord with instructions from a court official persuasively buttresses its claim of excusable neglect. While it would certainly have been more prudent for counsel to follow-up on the status of the pending motion for continuance prior to the pretrial conference, we find that counsel's reliance on the court scheduler's statements, combined with the other circumstances, constitutes grounds for Civ. R. 60(B) relief premised on excusable neglect.

Based on the foregoing, together with our policy analysis in *Moore* above, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings in accordance with this opinion.

In conclusion, we reiterate our longstanding belief that the interests of justice are better served when Ohio's courts address the merits of claims and defenses at issue. The extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party.

Based on the foregoing, we reverse the judgments of the court of appeals in case Nos. 84-752 and 84-1196 and remand the causes to the respective trial courts for further proceedings consistent with this opinion.

*Judgments reversed and*
*causes remanded.*

CELEBREZZE, CJ., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and CONNORS, JJ., concur.

DOUGLAS, J., concurs separately.

CONNORS, J., of the Sixth Appellate District, sitting for WRIGHT, J.

DOUGLAS, J., concurring. I concur in the judgment in both case Nos. 84-752 and 84-1196. I do so on the basis that Civ. R. 41(B)(1) is clear and unambiguous and applies in both cases. It is conceded, in both cases, that there was no notice of intent to dismiss ever given to plaintiff's counsel before the dismissals took place. Such lack of notice is a clear violation of the rule and thus the cases should be reversed for further proceedings.