Defendant David Earley, et al. (appellant), appeals the decision of the Monroe County Common Pleas Court which denied appellant's motion to vacate a default judgment previously rendered. For the following reasons, the trial court's judgment is reversed and this cause is remanded.
 I. STATEMENT OF FACTS
Plaintiff William Mansfield, et al. (appellee), was planning to sell his land located in Monroe County. When appellee hired a surveyor, appellant contacted said surveyor and informed him that a small part of the land that was being surveyed, approximately six out of three hundred and forty eight acres, belonged to appellant.
On December 3, 1996, appellee filed a complaint against appellant requesting an order canceling appellant's deed of correction which added the disputed land to appellant's land holdings, an order quieting title, an injunction, costs, and other relief. A bench trial commenced on February 19, 1997 with appellant proceeding pro se. After appellee presented his surveyor as a witness, the court allowed appellant to present two witnesses out of order because they could not attend trial on a later date. Appellee presented two more witnesses. The court then continued the trial until February 10, 1997 at 8:00 a.m.
At 8:18 a.m. on February 10, 1997, the court entered default judgment against appellant which included $1,710 in attorney's fees and $4,300 as the bill for the survey of appellee's realty. Appellee's attorney submitted an affidavit to this court which stated that appellant did not arrive in the courtroom until 8:25 a.m. At 11:43 a.m., appellant filed a motion for relief from the default judgment. On February 12, 1997, the court journalized its default judgment and ordered appellant to refile his motion for relief. Appellant refiled his motion for relief from judgment on February 18, 1997. Appellant asked for relief as he mistakenly believed that the trial was continued until 8:30 a.m. rather than 8:00 a.m. Appellant failed to directly appeal the default judgment which was entered in violation of the notice requirements mandated by Civ.R. 55(A).
On April 1, 1997, the court held a hearing on appellant's motion for relief from default judgment. Appellant explained his mistake as to the time of the trial and apologized to the court. The court refused to consider this as a mistake, inadvertence or excusable neglect under Civ.R. 60(B)(1) and denied appellant's motion for relief from judgment. Appellant appealed and this court limited the appeal to a review of the trial court's April 2 denial of relief from judgment.
 II. ASSIGNMENTS OF ERROR
Appellant sets forth two assignments of error. Due to the fact that we limited the appeal and due to our disposition of appellant's first assignment, we need not discuss appellant's second assignment of error. Appellant's first assignment of error provides:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANTS-APPELLANTS' CIVIL RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT."
A trial court's decision on a motion for relief from judgment will not be reversed absent an abuse of discretion. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20; Griffeyv. Rajan (1987), 33 Ohio St.3d 75, 77; Miller v. Lint (1980),62 Ohio St.2d 209, 214. The trial court abuses its discretion when it displays an attitude that is unreasonable, arbitrary, or unconscionable. See AAAA Ent., Inc. v. River Place CommunityUrban Redevelopment Corp. (1990), 50 Ohio St.3d 157.
In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the defendant-movant must show the following: (1) a meritorious defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness. GTE Automatic Elec., Inc. v. ARC Indus.,Inc. (1976), 47 Ohio St.2d 146, 150-51. Because timeliness is uncontested, we need only analyze the first two prongs of theGTE test.
We will first address whether or not appellant demonstrated that he had a meritorious defense. During the first day of trial, appellant put on two witnesses attempting to show that he owned the disputed parcel of land. At the hearing on appellant's motion for relief from default judgment, the trial court refused to allow appellant to allege any defenses. In fact, the court repeatedly cut appellant off and misstated the test for granting a Civ.R. 60(B) motion by declaring, contrary to GTE, that the elements were only those listed in Civ.R. 60(B).
Moreover, a meritorious defense need not be proven, but solely must be alleged. Rose Chevrolet, supra at 20, citingMoore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64,67. Due to the fact that appellant began his defense on the first day of trial and the fact that appellant attempted to explain his defense at the hearing by stating that appellee has more acres than what his survey states, necessitates a conclusion that appellant sufficiently alleged operative facts constituting a meritorious defense.
Additionally, appellant complained that appellee was unjustly enriched by the default judgment which ordered him to pay the entire $4,300 bill for the survey. Appellee ordered the survey in order to sell his land. Whether or not appellant disputed that a portion of the land was his, the survey bill still would have existed. Appellant appropriately argued the defense of unjust enrichment as applied to the entire survey cost.
Accordingly, we move to the second part of the GTE test which leads us to inquire whether appellant demonstrated that he was entitled to relief under Civ.R. 60(B). The relevant ground for relief in the case at bar falls under Civ.R. 60(B)(1) which lists "mistake, inadvertence, surprise, or excusable neglect" as grounds for relief. The trial court stated that appellant failed to demonstrate said grounds because it disbelieved appellant's statement that he arrived outside the courthouse at 8:00 a.m. and waited until a short time before 8:30 a.m. to enter the courtroom.
Under a liberal reading of Civ.R. 60(B), as preferred by the Ohio Supreme Court, appellant's actions constitute mistake, inadvertence or excusable neglect. See Colley v. Bazell (1980),64 Ohio St.2d 243, 247 (stating that excusable neglect is that which does not exhibit a disregard for the judicial system and the rights of the plaintiff). At most, appellant was twenty-five minutes late due a mistaken belief as to what time the trial was to resume. Appellant filed a request for relief within hours of the court's declaration of default. At the hearing, the court carried on about false pleadings merely because appellant's motion for relief stated that he was on the third floor at 8:00 a.m. and, at the hearing, appellant said that he was at the courthouse at 8:00 a.m. but may not have been on the third floor until shortly thereafter. Appellant admitted that he and his wife utilized the restrooms before traversing to the third floor. Such a minor discrepancy does not demonstrate a lack of good faith on appellant's part as the trial court suggests. Appellant did not engage in behavior that displayed a disregard for our justice system nor would his untimely arrival have prejudiced the rights of appellee more than the half an hour's worth of attorney's fees for which appellant offered to pay.
Furthermore, if appellant would have filed timely notice of appeal from the court's February 12 entry of default, we would have another reason to reverse in appellant's favor. The court failed to comply with Civ.R. 55(A) which requires seven days written notice before the court enters its decision on default judgment against a defendant who has appeared in an action. This just strengthens the proposition that the court exhibited an attitude which was arbitrary and prejudicial toward thepro se appellant. However, we are not deciding the case on this ground because we limited our review to the court's denial of appellant's motion for relief from judgment.
Nonetheless, the interests of justice provoke this court to set aside the default judgment and allow appellant to continue presenting his defense. "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." GTE, supra at paragraphs two and three of syllabus. In accordance, we hold that the trial court abused its discretion by resolving doubt in favor of appellee rather than appellant and determining that appellant's untimely arrival was not a mistake, inadvertence, or excusable neglect.
For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded for further proceedings according to law and consistent with this court's opinion.
Cox, J., concurs.
Waite, J., concurs.
APPROVED:
 -------------------------- JOSEPH J. VUKOVICH, JUDGE
Hon. Joseph J. Vukovich, Hon. Edward A. Cox, Hon. Cheryl L. Waite, JUDGES.