OPINION
On June 16, 1998, appellee Mark Martin filed a complaint against appellant Daniel T. Todt alleging legal malpractice and legal negligence. Appellee claimed that appellant failed to conduct discovery in his slander action against his former employer, resulting in summary judgment. On July 17, 1998, the Stark County Common Pleas Court issued a judgment entry and assignment notice. In the entry, the court found that a telephone status conference was not necessary, and advised the parties that the enclosed assignment notice would control all dates in the case. The notice stated that failure to appear at any pre-trial conference or hearing may result in an adverse judgment being entered against the party not appearing, or in default judgment being rendered wherever appropriate. Appellant failed to appear at the initial pre-trial on September 1, 1998. The trial court proceeded with a trial on the merits pursuant to Loc. R. 13.05. Appellee was the only witnesses who testified. Following appellee's testimony, the court found that appellant breached the attorney-client relationship by committing legal malpractice and negligence, resulting in damages in the amount of $609,000. The court accordingly entered judgment for that amount. Appellant appealed that judgment; this court affirmed the judgment on March 8, 1999. On September 29, 1998, appellant filed a motion for a relief from judgment. Attached to the motion was an affidavit of Rebecca Todt, an attorney in appellant's office. Her affidavit stated that on July 20, the office received the order stating that dates had been set by the court for hearings, but no dates were set forth in the order. She averred that she telephoned the clerk's office, and was informed that the first pre-trial was set for December 15, 1998, and trial for January 4, 1999. She further testified that the judgment entry received in her office in July had no exhibit "A" attached, giving them notice of the court dates. Appellant Daniel Todt also filed an affidavit in support of the motion, averring that the notice of the dates was not attached to the judgment entry provided to his office. On October 1, 1998, the court filed a judgment stating that it had been divested of jurisdiction by the notice of appeal filed, and would rule on the pending motion and any further motions at the conclusion of the matter in the Court of Appeals. Following conclusion of the matter in this court, appellant filed a second motion for relief from judgment, on April 5, 1999. This motion was based on fraud committed by appellee in the underlying case. In an affidavit attached to the motion, appellant testified that in the labor arbitration case, appellant admitted to smoking, in violation of company rules. Appellant testified in his affidavit that appellee then told him to do no other work on his slander case, but merely try to save his pension. Appellant testified that he did as asked, and determined that appellee's pension was in fact safe. On March 22, 1999, the court set the pending motions for non-oral hearing on April 8. On April 8, the court overruled appellant's motion for relief from judgment, finding no excusable neglect or fraud justifying relief. Appellant assigns a single error to this court:
 ASSIGNMENT OF ERROR
IT IS REVERSIBLE ERROR FOR PLAINTIFF TO PREVAIL WHEN PLAINTIFF'S CLAIMS ARE A FRAUD UPON THE COURT AND THE DEFENDANT, SUCH THAT PLAINTIFF HAS PRESENTED A CLAIM THAT HE KNOWS HAS NO BASIS IN LAW OR FACT IN THAT HE HAS NO DAMAGES ATTRIBUTABLE TO THE DEFENDANT, AND AN ATTORNEY IS NOT LIABLE FOR MALPRACTICE WHEN THERE IS NOT A SHOWING OR A CAUSAL CONNECTION BETWEEN THE CLAIMED MALPRACTICE AND THE CLAIMED DAMAGES.
To prevail on a motion to vacate a judgment pursuant to Civ.R. 60 (B), the movant must demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60 (B) (1), (2), or (3), not more than one year after the judgment. GTE Automatic Electric Company, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Where timely relief is sought from a default judgment, and the movant has a meritorious defense, doubt should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. Id. at paragraph three of the syllabus. Our standard of review of a court's decision as to whether to grant a Civ.R. 60 (B) motion is abuse of discretion. Id. at 148. There is no question that appellant timely filed his motion. Therefore, the only issues are whether he demonstrated grounds for relief pursuant to Civ.R. 60 (B), and whether he demonstrated that he had a meritorious defense to the action. Civ.R. 60 (1) provides that excusable neglect is grounds for relief from judgment. Where the conduct of the moving party reveals a complete disregard for the judicial system, the movant has not demonstrated excusable neglect. GTE, 47 Ohio St.2d at 153. However, the concept of excusable neglect must be construed in keeping with the proposition that Civ.R. 60 (B) is a remedial rule to be liberally construed, constituting an attempt to strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done. Moore v. Emanuel Family Training Center (1985), 18 Ohio St.3d 64, 68. In an affidavit attached to appellant's September 29, 1998, motion for relief from judgment, Rebecca Todt averred that appellant's office received the orders stating that dates had been set by the court, but an attachment including such dates was not with the order. She further testified when she telephoned the clerk's office, she was informed that December 15, 1998, was the first applicable date. Similarly, in his affidavit, appellant testified that the notice of the dates was not attached to the judgment entry received by his office. Appellant's conduct in failing to appear for the September 1, 1998 initial pre-trial does not demonstrate a blatant disregard for the legal system. The court abused its discretion in finding that appellant did not demonstrate excusable neglect. We next address the question of whether appellant presented a meritorious defense to the underlying action. In his legal malpractice claim, appellee claimed that appellant's failure to conduct discovery in his action against his former employer for slander caused him damages in the amount of $600,000. To establish a cause of action for legal malpractice, a plaintiff must show: (1) the attorney owed a duty or obligation to the plaintiff, (2) there was a breach of that duty or obligation, and the attorney failed to conform to the standard required by law, (3) there is a causal connection between the conduct complained of and the resulting damage or loss. Vahalia v. Hall (1997), 77 Ohio St.3d 421, syllabus. In the affidavit of appellant attached to the April 5, 1999 motion for relief of judgment, appellant testified that in the labor arbitration proceeding, appellee admitted that he smoked in the plant in violation of his employer's rules. Appellant further stated that appellee told him not to do any other work on his case, but merely to attempt to save his pension. Appellant stated that after determining that appellee's pension was in fact saved, he did no further work on the case. This evidence provides a potential meritorious defense to the underlying malpractice claim. If appellant failed to conduct discovery based on appellee's instructions that he do further work on the case, there was no breach of duty or obligation owed to appellee. Considering both motions to vacate the judgment together, as the trial court did in its judgment, the court abused its discretion in overruling the motion to vacate. As noted earlier, where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt should be resolved in favor of the motion to set aside the judgment so the cases may be decided on their merits. GTE, supra, at paragraph three of the syllabus. Although the instant case does not involve a default judgment, the $609,000 judgment was based on an initial pre-trial, set three months before trial, converted at the last minute into a trial on the merits. Appellee was the only witness who testified at that trial. Therefore, the resulting judgment was similar in nature to a default judgment, and the court abused its discretion in overruling the motion to vacate, where appellant presented evidence of a meritorious defense. The assignment of error is sustained.
The judgment of the Stark County Court of Common Pleas overruling appellant's motion to vacate is reversed. Pursuant to App. R. 12 (B), we hereby enter the judgment the trial court should have entered, and vacate the September 2, 1998, judgment of the court awarding appellee damages in the amount of $609,000. This case is remanded to that court for further proceedings according to law.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur