IN RE DISQUALIFICATION OF WARREN.

MANN, EXR., *v.* WASTE MANAGEMENT OF OHIO, INC. ET AL.

[Cite as *In re Disqualification of Warren* (1999), 88 Ohio St.3d 1214.]

(No. 99–AP–080—Decided September 29, 1999.)

MOYER, C.J.   The affidavit of disqualification filed in this case on August 27, 1999 was found not well taken and denied by entry dated September 22, 1999. On September 23, 1999, affiant filed a motion requesting reconsideration of that decision.

I have reviewed affiant's motion for reconsideration and conclude that it does not contain any information or substantive allegations that were not previously considered or that require reconsideration of the earlier ruling.   In addition to the factors cited in the September 22, 1999 entry denying the original affidavit, it is noteworthy that the law firm employing Judge Warren's son promptly withdrew from the underlying case to avoid any appearance of impropriety as alleged by affiant.   Moreover, Judge Warren's February 8, 1999 order granting the defendants relief from the previously granted default judgment is consistent with the general principle that the interests of justice are better served when courts address the merits of claims and defenses rather than using procedural devices to resolve pending cases.   *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St.3d 64, 70, 18 OBR 96, 102, 479 N.E.2d 879, 885.   While the propriety of the order is subject to review on appeal, the fact that Judge Warren granted the motion for relief from judgment under the circumstances set forth in the record before me does not establish the existence of bias, prejudice, or other disqualifying interest.

Accordingly, the motion for reconsideration is found not well taken and denied. The case shall proceed before Judge Richard K. Warren.