DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the judgment of the Toledo Municipal Court which granted the motion to set aside default judgment filed by appellee, Lola Gaines. For the following reasons, we reverse the decision of the trial court.
Appellant, Nationwide Insurance Company, filed a subrogation action on December 22, 1998, against appellee. The summons and complaint were sent by certified mail, but were returned "unclaimed." Subsequently, pursuant to appellee's written request, on or about January 29, 1999, service on appellee was made via regular mail at 2019 Calumet, Toledo, Ohio. Appellee failed to make an appearance or otherwise respond to the complaint. As such, on March 22, 1999, the trial court entered a judgment by default against appellee in the amount of $1,742.33. On April 1, 1999, appellee filed a motion to set aside the judgment. The trial court granted appellee's motion on June 11, 1999. Appellant appeals this judgment and sets forth a sole assignment of error:
 "THE TRIAL COURT ERRED IN GRANTING APPELLEE/DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT."
In an appeal from a Civ.R. 60(B) ruling, a reviewing court must determine whether the trial court abused its discretion.Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. State ex rel.Edwards v. Toledo City School Dist. Bd. of Edn. (1995),72 Ohio St.3d 106, 107.
A trial court may set aside a judgment by default in accordance with Civ.R. 60(B). Civ.R. 55(B). "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric, Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Each prong of the three pronged test must be satisfied before Civ.R. 60(B) relief can be granted. Id.
Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on the merits of that defense. Moore v. Emmanuel Family Training Ctr.
(1985), 18 Ohio St.3d 64, 67. See, also, Colley v. Bazell (1980),64 Ohio St.2d 243, 247. Where relief from judgment is timely sought and the movant has a meritorious defense, any doubt should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. GTE, supra, at paragraph three of the syllabus.
Pursuant to Civ.R. 60(B), judgment may be relieved for any of the following: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
Appellee moved to set aside default judgment on the grounds of excusable neglect. Appellee stated that her failure to plead "resulted from her lack of knowledge of this action," due to the complaint being sent to the wrong address. The complaint was sent to 2019 Calumet, Toledo, Ohio, whereas, appellee's motion stated she lived at 930 Tecumseh Street, Toledo, Ohio. No affidavits or supporting evidence was included with appellee's motion concerning appellee's address, or otherwise.
Civ.R. 4.6(D) provides that if certified mail is returned with an endorsement showing that the envelope was "unclaimed," the serving party can request that the complaint be served by ordinary mail service. Service is deemed complete "when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Civ.R. 4.6(D). The record indicates that the certified mail was returned "unclaimed." Thereafter, upon request, ordinary mail service was done on January 29, 1999. The summons and complaint were not returned by the postal authorities. Moreover, the accident report done by the Toledo Police Department, on September 8, 1998, showed appellee's address as 2019 Calumet, Toledo, Ohio, not Tecumseh Street. Although it is conceivable that appellee moved in the three months since the accident, appellant nevertheless perfected service of its complaint by way of ordinary mail, as provided for by Civ.R. 4.6. Accordingly, we find that appellee has not established her entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5).
Furthermore, we find that appellee did not state what her "meritorious defense or claim" to appellant's negligence action would be, were the trial court to grant her relief. The damage at issue arose out of a collision between appellee's vehicle and appellant's insured's vehicle. The police report indicated that there was an inconsistency in the accounts of the accident, in particular, appellee "stated her light was a green light," and appellant's insured "stated his light was yellow." However, without appellee specifying her defense, we can only speculate as to what her defense might be. Accordingly, we find that appellee also failed to demonstrate that she had a meritorious defense to present if relief was granted.
Insofar as appellee failed to demonstrate the first and second prongs of the three pronged test, we find that the trial court abused its discretion in granting appellee relief from judgment pursuant to Civ.R. 60(B). See GTE, supra. Accordingly, we find appellant's sole assignment of error well-taken.
On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Toledo Municipal Court is reversed. This matter is remanded to the trial court for further proceedings and for reinstatement of the judgment by default that was erroneously vacated. Costs of this appeal to be paid by appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J.,Mark L. Pietrykowski, J., CONCUR.