I respectfully dissent from the opinion and judgment of the majority for the following reasons.
The majority concludes that the trial court abused its discretion by denying appellants' motion to vacate the dismissal order pursuant to Civ.R. 60(B)(5). In doing so, they recognize that Civ.R. 60(B)(5) is not constrained by the one-year limitation applicable to the first three grounds listed in the rule, but instead, must be filed within a reasonable time. Furthermore, despite acknowledging that appellants first learned of the dismissal in the latter half of 1996, the majority determines that "a great injustice has occurred[,]" and "[t]hrough no fault of their own, * * * appellants have had the door of justice shut in their face."
On appeal, appellants essentially assert that the extreme delay in requesting relief from the dismissal order was attributable to everyone else but them. In fact, they cast blame on Attorneys Clower, Tosami, and even appellee's insurance carrier, Nationwide Insurance.
Without rehashing the procedural posture of this case, however, I believe the record is clear that, even if all other time frames are somehow deemed excusable, appellants have failed to offer any valid reason as to why there was no activity on their behalf between 1996 and 1998.[1] It is uncontroverted that appellants were absolutely aware by July 1996 that their complaint had, indeed, been dismissed with prejudice by the trial court. Despite this information, appellants allowed two more years, minimally, to lapse before the filing of the motion to vacate the dismissal on October 18, 1998. I fail to comprehend how the majority can ignore this lapse of two additional years beyond the point in time when appellants personally knew of the dismissal.
By that time it had been: (1) over seven years since the original action was brought against appellee; (2) nearly five years since the trial court had dismissed the case with prejudice; (3) more than four years since appellants had retained a different attorney to represent them in the litigation following Attorney Clower's disappearance; (4) over two years since they had definitive knowledge that their original lawsuit had been dismissed.
Although I have no doubt that Clower effectively abandoned the case sometime in 1992, this does not absolve appellants from their responsibility in failing to take the necessary steps to have the lawsuit reinstated as early as possible. Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64; GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146. Therefore, in light of the chronology of events, I believe that appellants' Civ.R. 60(B) motion was not filed within a reasonable amount of time. Even if this court accepts that there were extenuating circumstances underlying the period of delay spanning from the trial court's dismissal of the case on December 6, 1993 through July 1996, I cannot agree with the majority that it was reasonable for appellants to wait over two more years before filing for relief from judgment.
The use of Civ.R. 60(B)(5) was envisioned as an extraordinary remedy to be used only in the rarest of circumstances. In fact, the Supreme Court of Ohio has clearly indicated that this section only applies when one of the more specific provisions in Civ.R. 60(B) would not. Strack v. Pelton
(1994), 70 Ohio St.3d 172. Accordingly, it should not be used strictly as a means of avoiding the one year restriction of (B)(1), (2) or (3).
There is one very important fact that distinguishes the instant matter from the many other cases in which a party has sought relief from a prior judgment. That is, appellants here were the plaintiffs and not the defendants in the underlying action. Thus, they were the ones who initiated the litigation and ultimately bore the burden of going forward in any subsequent determination on the merits.
Therefore, this is obviously not a situation where a default judgment was issued against a hapless defendant. Moreover, while Civ.R. 60(B) does indeed speak of "claims" as well as "defenses," common sense must dictate that litigants who find themselves in a defensive posture should be entitled to a great deal more deference than a plaintiff who has voluntarily assumed the responsibility of pursuing a cause of action.
I certainly understand the emotional appeal that this case presents; however, I also believe that the result reached by the majority does a disservice to the interpretation of Civ.R. 60(B)(5) with respect to the application of its "reasonable time" requirement and that this opinion is contrary to the existing law in reference to the final two years of appellants' inaction.Emmanuel, supra; GTE, supra. There was simply no viable reason put forward to justify the delay of the last two years. Creating such a precedent, whereby a plaintiff can escape the consequence of a dismissal by as much as five years, will come back to haunt us in the future. I, therefore, respectfully dissent.
 ___________________________ JUDGE JUDITH A. CHRISTLEY
[1] July 1996 was when Attorney Tomasi ceased his involvement in this case.