JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Earl Peoples appeals from the decision of the Cuyahoga County Court of Common Pleas that granted plaintiff-appellee's motion for relief from judgment. For the reasons that follow, we reverse and remand.
 {¶ 2} The procedural facts dispositive of this appeal are not in dispute. On July 29, 1997, Peoples filed a forcible entry and detainer action in Cleveland Municipal Court against Smith for breach of a lease agreement. On August 20, 1997 and September 17, 1997, that court entered judgment for Peoples. Smith made no counterclaim(s) in that action.
 {¶ 3} Two years later, on July 26, 1999, Smith commenced an action against Peoples alleging that she sustained personal injuries on July 28, 1997, as a result of Peoples' negligent maintenance of the rental property. Peoples moved to dismiss or for summary judgment, which Smith opposed and the court denied. On July 12, 2000, Smith voluntarily dismissed that action without prejudice.
 {¶ 4} On July 10, 2001, Smith re-filed her claims against Peoples in this action. On March 20, 2002, Peoples moved for judgment on the pleadings. The court granted that unopposed motion. Thereafter, Smith filed a motion for relief from judgment along with a reply to defendant's motion for judgment on the pleadings. To support her motion for relief, Smith maintained that "through a mistake [she] did not file a reply to Defendant's Motion for Judgment on the pleadings" and that "[inadvertantly and by mistake, [her counsel], thought that he had replied to Defendant's present motion." Plaintiff further maintained that the court had denied a similar motion filed by defendant in the previous case, to which plaintiff had responded. The court granted plaintiff's motion for relief from judgment. Defendant appeals from this ruling assigning the following errors for our review:
 {¶ 5} "I. The trial court erred in granting appellee relief from judgment consistent with Civil Rule of Procedure Rule 60(B) as appellee's action was a compulsory counterclaim which required appellee to assert her claims against appellant in appellant's previously filed and adjudicated forcible entry and detainer action.
 {¶ 6} "II. The trial court erred in granting appellee's motion for relief from judgment consistent with Rule of Civil Procedure Rule 60(B) as appellee failed to allege operative facts supported by evidentiary material which entitled her to relief under Rule of Civil Procedure, Rule 60(B).
 {¶ 7} "III. The trial court erred in granting appellee relief from judgment consistent with Ohio Rule of Civil Procedure Rule 60(B) as the trial court's granting of appellant's motion for judgment on the pleadings was a final appealable order and should have been appealed to this honorable court."
 {¶ 8} We dispense with defendant's third assignment of error first. Defendant essentially maintains that the trial court lacked jurisdiction to entertain plaintiff's motion for relief from judgment under Civ. R. 60(B) and claims that plaintiff's only recourse from a final judgment is a direct appeal.
 {¶ 9} The provisions of Civ. R. 60(B) expressly provide, in part, that "the court may relieve a party or his legal representative from afinal judgment, order or proceeding * * *". (Emphasis added.) A party may not use Civ. R. 60(B) as a substitute for appeal to challenge a decision on the merits. Zaubi v. Caluya (Oct. 10, 1991), Cuyahoga App. No. 61308. However, a party may invoke the provisions of Civ. R. 60(B) to seek relief from an order granting judgment on the pleadings under appropriate circumstances. E.g., Jordan v. Sitosky (Jan. 24, 1991), Cuyahoga App. No. 57913. For these reasons, the third assignment of error lacks merit and is overruled.
 {¶ 10} In the first and second assignments of error, defendant maintains that the trial court abused its discretion in granting plaintiff's motion for relief from judgment. For the reasons that follow, we agree.
 {¶ 11} The decision whether to grant a Civ. R. 60(B) motion rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} Civ. R. 60(B) provides as follows: "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation." To prevail on her motion under Civ. R. 60(B), the plaintiff bore the burden of demonstrating that: (1) she has a meritorious defense or claim to present if relief is granted; (2) she is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Elec. Inc. v. ARC Indus.,Inc. (1976), 47 Ohio St.2d 146, 150. If the movant fails to establish any one of these elements, relief from judgment must be denied. Moore v.Emmanuel Family Training Ctr., Inc. (1985), 18 Ohio St.3d 64, 67.
 {¶ 13} Defendant contends that Smith failed to establish two of the necessary elements, those being a meritorious claim and sufficient evidence of entitlement to relief under the grounds stated in Civ. R. 60(B)(1)-(5). In her one-page brief attached to the motion for relief from judgment, plaintiff claims she failed to file a reply brief by "inadvertance" and "mistake" without further elaboration. Plaintiff essentially claims "excusable neglect" under Civ. R. 60(B)(1).
 {¶ 14} The Ohio Supreme Court directs that "[a]lthough a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief." Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19, citingRose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. The movant must allege operative facts to show excusable neglect. Rose Chevrolet,36 Ohio St.3d 17. The court must consider all the surrounding facts and circumstances in assessing whether neglect is excusable or inexcusable.Davis v. Immediate Medical Services, Inc. (1997), 80 Ohio St.3d 10, 14.
 {¶ 15} While plaintiff's motion was timely, we must conclude that plaintiff did not sufficiently demonstrate any operative facts that would establish her entitlement to relief for excusable neglect. The bare assertions that she thought she had filed a response and/or did not file a response due to mistake or inadvertance is not sufficient to establish excusable neglect. See, generally, Kay, supra; Rose Chevrolet; supra.
 {¶ 16} Based on the foregoing, we sustain the second assignment of error. Since plaintiff failed to satisfy the second prong required to merit relief from judgment, we need not address whether plaintiff failed to set forth a meritorious claim as advanced under the first assignment of error.
Judgment reversed and remanded for further proceedings consistent with this opinion.
ANN DYKE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.