OPINION
{¶ 1} Plaintiff-appellant, Nancy Keenan, appeals from a Jefferson County Common Pleas Court, Domestic Relations Division judgment denying her Civil Rule 60(B) motion for relief from judgment and disallowing her to purchase the marital home she shared with defendant-appellee, Bernard Keenan.
 {¶ 2} Appellant and appellee were married on May 1, 1992 and divorced on July 2, 2004. While the divorce was pending, appellee suffered a stroke. The court thereafter substituted Patricia Grimes, appellee's daughter and guardian, as the party defendant in the case.
 {¶ 3} Prior to finalizing the divorce, the trial court entered a "findings of fact and order" on June 15, 2004. In this entry, the court found that the home was marital property and that the parties each had an equal, one-half interest in the home. It noted that both parties wished to be awarded the home. Therefore, the court ordered that appellant had the first option to acquire the home by paying appellee his equitable interest of $24,750. It instructed appellant that if she wished to exercise this option, she was to indicate so in writing to appellee within 30 days of the court's order. It continued that if appellant elected to exercise her option, she was to take all necessary actions to close the sale within 60 days.
 {¶ 4} The court further instructed that if appellant either elected not to exercise her option to purchase appellee's share of the home or did not indicate her intent to exercise the option in accordance with the court's instructions, then appellee would be given the option to buy the home by paying appellant $24,750. The court put the same restrictions on appellee's option as it did on appellant's option.
 {¶ 5} If neither party exercised their option to buy the home, the court then instructed that the parties should list it for sale. The court further instructed that appellant's attorney was to prepare a final divorce decree in accordance with the court's findings of fact.
 {¶ 6} The court entered its divorce decree on July 2, 2004. On July 20, appellant sent a letter to the court stating that she wished to exercise her option to buy the house. Her attorney sent a copy of this letter to appellee's counsel three days later.
 {¶ 7} On July 28, appellee filed a notice of intent to exercise his option to purchase the marital home. Appellee also filed a motion to disallow appellant's election to purchase the home and to approve his election. He argued that appellant had not timely asserted her option to purchase the home. Appellee stated that on July 26, his counsel received a letter from appellant's attorney dated July 23, stating that appellant had sent a letter to the court informing it of her intent to exercise her option. Appellant's letter was attached to the motion.
 {¶ 8} The court held a hearing on the motions on August 9, 2004. In its August 19 judgment entry, the court determined that appellant failed to exercise her option to purchase the home within the time limit required, while appellee exercised his option in a timely manner. Therefore, the court sustained appellee's motion to disallow appellant's election to purchase the home and to approve his election to purchase the home. It overruled appellant's corresponding motions.
 {¶ 9} Appellant subsequently obtained new counsel and filed a motion for relief from judgment. She attached her affidavit to the motion. In her affidavit, appellant stated that her former attorney did not send her a copy of the court's June 15 findings of fact and order or a copy of the July 2 divorce decree until July 8. Therefore, she stated that she was unaware of any deadlines on her option to purchase the home until then. When she saw that she might have a deadline to meet, she needed to speak with her attorney, but he was on vacation until July 20. So she sent a letter to the judge and to her attorney expressing her desire to exercise her option to purchase the home. She stated that she did not send a copy of the letter to appellee or his attorney because she was told not to communicate directly with them, but only through her attorney. Finally, appellant stated that at the August 9 hearing, her attorney would not allow her to take the stand to testify as to these facts.
 {¶ 10} The trial court held a hearing on appellant's motion where it heard testimony from appellant and her former attorney. It overruled her motion in its September 14, 2004 judgment entry. Appellant filed her timely notice of appeal on September 16, 2004.
 {¶ 11} Appellant raises one assignment of error, which states:
 {¶ 12} "IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO DISALLOW PLAINTIFF'S ELECTION TO PURCHASE THE MARITAL HOME."
 {¶ 13} Appellant argues that the trial court abused its discretion in disallowing her to exercise her option to purchase the marital home just ten days after receiving a copy of the findings of fact and order and just 18 days after the divorce decree was entered. She contends that because she did not receive a copy of the court's findings of fact and order of June 15 until July 10, 25 days of her 30-day option had already lapsed before she received notice. Furthermore, she points out that she exercised her option just ten days after she received notice and within 30 days of receiving the divorce decree. Additionally, she argues that the 5-day delay in exercising the option did not prejudice appellee. Appellant finally argues that the court's June 15 findings of fact and order was not a final order because it directed her counsel to prepare a journal entry consistent with the court's reasoning.
 {¶ 14} The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is abuse of discretion. Preferred Capital, Inc. v. Rock N Horse, Inc.,
9th Dist. No. 21703, 2004-Ohio-2122, at ¶ 9.
 {¶ 15} The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in GTE Automatic Elec., Inc. v. ArcIndustries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113. The court stated:
 {¶ 16} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.
 {¶ 17} As to the first element, appellant has a meritorious claim or defense to present if relief is granted. To meet this requirement appellant only needed to allege a meritorious claim or defense, not prove that she would prevail on the merits.Moore v. Emmanuel Training Ctr. (1985), 18 Ohio St.3d 64, 67,479 N.E.2d 879.
 {¶ 18} Appellant has a claim for exercising her option to buy the house. In the court's June 15 findings of fact and order, it gave appellant the first option to purchase the home. Appellant was to declare her intent to purchase the home within 30 days of the entry. The entry also directed appellant's attorney to prepare a final divorce decree in accordance with the court's findings of fact. While copies of the findings of fact and order were sent to the parties' attorneys on June 15, they were not sent to the parties. The divorce decree was not final until July 2.
 {¶ 19} At the hearing on appellant's motion for reconsideration, appellant testified that she did not receive a copy of the divorce decree until July 10. (Tr. 2). She stated that before July 10, she had not seen the court's findings of fact and order. (Tr. 3). Importantly, she also testified that her attorney at the time did not tell her what was contained in the findings of fact or the divorce decree prior to July 10. (Tr. 3, 6). She stated that nobody informed her she only had until July 15 to make an election to purchase the home until she received the divorce decree on July 10. (Tr. 3). Additionally, she testified that when she received the divorce decree her attorney sent a letter with it that indicated that he was on vacation and would not return until July 20. (Tr. 3; Plt. Ex. 1). So she could not discuss the court's ruling with him until then.
 {¶ 20} Appellant further stated that she mailed a letter expressing her intent to purchase the house to the court on July 20 and that she also sent a copy to appellee's attorney. (Tr. 4; Plt. Ex. 2). Pursuant to the findings of fact and order, the option expired on July 15. Thus, appellant filed her election with the court just five days after the option technically expired and only ten days after learning of the option.
 {¶ 21} Appellant's previous attorney also testified at the hearing. He admitted that he did not send appellant a copy of the findings of fact and order until he sent her the divorce decree on July 8. (Tr. 15). However, he stated that sometime between June 18 and the time he prepared the divorce decree (July 2) he discussed the contents of the court's findings of fact and order with appellant. (Tr. 10). When asked whether he specifically informed appellant that she had 30 days to exercise her option to buy the house, he stated that he did not remember specifically but that he did discuss the court's findings with appellant. (Tr. 10). He further testified that he believed he discussed the court's time frame with appellant because he remembered a conversation with her where he told her she needed to make the election. (Tr. 11).
 {¶ 22} Appellant's attorney somewhat contradicted his testimony however in his August 6 motion to disallow appellee's election and to approve appellant's election. In that motion, appellant's attorney stated that he mailed a copy of the final divorce decree to appellant on July 8. He further stated that this was the only notice he gave appellant of her option to purchase the home. He stated that under the circumstances, appellant was never given 30 days to make her election.
 {¶ 23} Thus, according to appellant and the attorney who represented her at the time, appellant did not receive notice of her option or the time limits on it until July 10. Appellee presented no evidence to the contrary. Since appellant did not have notice of the option until five days before it was set to expire, it was unreasonable to expect her to exercise the option she was meant to have 30 days to consider within a five-day time period. Given this evidence, appellant had a meritorious claim to present had the court granted her relief from its judgment.
 {¶ 24} As to the second GTE element, appellant alleged that she was entitled to relief based on Civ.R. 60(B)(1) and (5).
 {¶ 25} Civ.R. 60(B)(1) provides for relief from judgment due to "mistake, inadvertence, surprise or excusable neglect." As stated above and based on her affidavit, which she attached to the motion, appellant alleged that her former counsel neglected to inform her of the 30-day limit to exercise her option. This was likely due to mistake, inadvertence, or excusable neglect.
 {¶ 26} The attorney's testimony at the motion hearing may have suggested that he informed appellant of the option sometime between June 18 and July 2. But as stated above, the attorney's motion to disallow appellee's election and to allow appellant's election reveals otherwise. In that motion, the attorney clearly stated that he did not give appellant any notice of her option to buy the house until he mailed her the divorce decree on July 8. Appellant's testimony corroborated the attorney's statements in the motion. This evidence indicates that the attorney acted with mistake, inadvertence, or excusable neglect. Given this evidence, appellant met the second GTE element.
 {¶ 27} Appellant also contends she was entitled to relief based on Civ. R. 60 (B)(5). Civ. R. 60 (B)(5) is a "catch all" provision that only applies when a more specific provision does not apply. Louden v. Cooper, 7th Dist. No. 04-MA-9, 2004-Ohio-5127, at ¶ 13. Since we have determined that Civ. R. 60 (B)(1) applies in this case, it follows that the general provision of Civ. R. 60 (B)(5) does not apply.
 {¶ 28} Appellant also met the third GTE element. She filed her Civ.R. 60(B) motion on August 31, 2004, just 12 days after the court entered its judgment. Thus, her motion for relief was timely filed.
 {¶ 29} Consequently, we must conclude that the trial court abused its discretion and should have granted appellant's motion for relief from judgment. Accordingly, appellant's assignment of error has merit.
 {¶ 30} For the reasons stated above, the trial court's judgment is hereby reversed. Appellant's Civil Rule 60(B) motion for relief from judgment is hereby granted and appellant may exercise her option to purchase the marital home.
Waite, J., DeGenaro, J., concurs.