OPINION
{¶ 1} Plaintiff-appellant Karen Vanderpool appeals the January 8, 2008 Judgment Entry of the Delaware County Court of Common Pleas denying her motion for relief from judgment in favor of Defendant-appellee Kroger Company.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 5, 2006, Appellant filed an application for benefits with the Bureau of Workers' Compensation alleging she sustained an injury at work on May 24, 2006. On June 17, 2006, a District Hearing Officer for the Industrial Commission allowed the claim for "left wrist sprain/strain; DeQuervain's tendonitis of the left hand." Appellee appealed the decision to a Staff Hearing Officer on June 19, 2006. On September 11, 2006, the Staff Hearing Officer affirmed the District Hearing Officer's decision allowing the claim. On September 29, 2006, Appellee filed an appeal with the Industrial Commission. On October 3, 2006, the appeal was refused.
 {¶ 3} On October 26, 2006, Appellee filed a notice of appeal in the Delaware County Court of Common Pleas. On December 26, 2006, Appellant filed her complaint with the trial court. On January 19, 2007, Appellee filed an answer and served Appellant with its first set of interrogatories and request for production of documents.
 {¶ 4} On February 10, 2007, Appellant timely answered, signed, and had notarized, her responses to Appellee's interrogatories and request for production of documents. Appellant's attorney misplaced the responses, and the discovery was not provided to Appellee.
 {¶ 5} On March 27, 2007, Appellee filed a motion to compel discovery. On April 19, 2007, the trial court granted the motion, ordering Appellant to respond to the *Page 3 
propounded discovery by May 2, 2007. On May 21, 2007, Appellee filed a motion for sanctions. Via Judgment Entry of June 15, 2007, the trial court granted the motion, dismissing the cause of action.
 {¶ 6} On October 2, 2007, Appellant filed a motion for relief from judgment, pursuant to Civil Rule 60(B). Via Judgment Entry of January 8, 2008, the trial court denied the motion for relief from judgment.
 {¶ 7} Appellant now appeals, assigning as error:
 {¶ 8} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PLAINTIFF/APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."
 {¶ 9} Ohio Civil Rule 60(B) reads:
 {¶ 10} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. *Page 4 
 {¶ 11} "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
 {¶ 12} In GTE Automatic Electric Company v. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113, the Supreme Court held to prevail on a motion brought pursuant to Civ. R. 60(B), the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B); and (3) the motion is made within a reasonable time, and where the grounds for relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken.
 {¶ 13} The concept of excusable neglect must be construed in keeping with the proposition that Civ. R. 60(B) is a remedial rule to be liberally construed, constituting an attempt to strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done. Moore v. Emanuel Family TrainingCenter (1985), 18 Ohio St.3d 64, 68, 479 N.E.2d 879.
 {¶ 14} Upon review of the record, Appellant's counsel submitted an affidavit stating Appellant's discovery responses were misplaced due to an assistant's extensive absence from work, and the assistant is no longer employed with the office. The responses to the discovery indicate Appellant timely completed the same, and they were notarized on February 10, 2007.
 {¶ 15} Under the unique facts and circumstances of this case, we find the ultimate sanction of dismissal unwarranted in this instance. We are reluctant to find an abuse of discretion, particularly where, as here, Appellee made repeated attempts to obtain the discovery responses prior to involvement of the court. However, Appellant *Page 5 
did herself timely respond to the discovery, and Appellant's counsel offered an explanation for neglect on his part. Though we recognize the neglect of a party's counsel is normally attributed to the party, we find a less severe sanction would be appropriate under these circumstances. Outright dismissal is an overly harsh penalty.
 {¶ 16} Accordingly, the January 8, 2008 Judgment Entry of the Delaware County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.
 Hoffman, P.J., Gwin, J., concurs separately, Wise, J. dissents. *Page 6