CERMAK, Appellee,

v.

CERMAK, Appellant.

[Cite as *Cermak v. Cermak* (1998), 126 Ohio App.3d 589.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 96–CO–67.

Decided March 11, 1998.

*Ian Robinson,* for appellee.

*Melody Calhoun,* for appellant.

GENE DONOFRIO, Presiding Judge.

Defendant-appellant, Charles Jerry Cermak, appeals from a judgment rendered by the Columbiana County Court of Common Pleas denying appellant's motion for modification or termination of spousal support, denying appellant's motion for relief from judgment, and imposing a ten-day jail sentence for contempt of court.

Appellant and appellee, Donna J. Cermak, were legally divorced on November 30, 1990. In a journal entry dated November 30, 1990, it was ordered that appellee receive various property and that appellant provide appellee $400 a

month for spousal support. The spousal support provision, which is central to this appeal, reads as follows:

"5. Defendant shall pay, as and for spousal support, the sum of Four Hundred Dollars ($400.00) per month, plus poundage of Two Percent (2%), and that such payments shall be made through the Columbiana County Child Support Enforcement Agency. He shall forthwith provide to the court the required wage withholding forms."

The appellant voluntarily signed the judgment entry that memorialized the rights and duties of the parties. No appeal of the judgment was filed.

On March 6, 1992, appellee filed a "MOTION TO SHOW CAUSE" as to why appellant should not be held in contempt for violating the November 30, 1990 order. Specifically, appellee stated that appellant had failed to make payments on three of the outstanding debts appellant was to be responsible for.

On September 29, 1992, following a hearing on appellee's motion to cite appellant for contempt, the trial court issued a judgment entry stating that "[b]y agreement" appellant was found in contempt of the court's November 30, 1990 order. The court withheld determination of punishment or sentencing, permitting appellant eight months to absolve himself by bringing himself into substantial compliance with the court's previous order.

On October 19, 1995, appellant filed a "MOTION TO TERMINATE OR MODIFY SPOUSAL SUPPORT AND/OR FOR RELIEF FROM JUDGMENT," claiming a change of circumstances. On November 24, 1995, appellee filed a motion for contempt, alleging that appellant had failed to make payments on two outstanding debts for which he was responsible, namely a mortgage balance on certain real estate and the balance owed upon an automobile. Appellee further alleged that appellant had failed to pay the monthly spousal support award ordered by the court and had failed to enter into a bond with the court pursuant to R.C. 3113.21(D)(6).

On January 30, 1996, a hearing on the aforementioned motions was held before a magistrate.[1] On February 15, 1996, the magistrate filed her decision, in which she denied appellant's motion to modify or terminate spousal support and denied appellant's motion for relief from judgment. The magistrate also found appellant in contempt of two prior court orders and recommended that appellant serve two ten-day jail sentences. In addition, the magistrate ordered appellant to pay $100 a month towards arrearage. On February 29, 1996, appellant timely filed objections to the magistrate's report.

---

1. On June 7, 1996, a rehearing was held by the magistrate for the sole purpose of recreating a record of the January 30, 1996 hearing, which had been lost due to faulty transcribing equipment.

The trial court set a hearing date of August 30, 1996, to review appellant's objections to the magistrate's decision and to review the sentence imposed by the magistrate. On August 15, 1996, appellant moved for a continuance of the August 30 hearing date, stating that he was weak following a heart attack and that he was seeking to avoid unnecessary stress. On August 26, 1996, the court denied appellant's motion for a continuance.

On August 30, 1996, a hearing was held before the trial court judge. The hearing was conducted in the appellant's absence. Despite appellant's absence, his attorney was present and argued appellant's case. On September 5, 1996, the court filed its opinion. In that opinion, the court denied appellant's motion to modify or terminate spousal support. The basis of denial, as it was for the magistrate, was that there was no reservation of jurisdiction as required by law to modify the spousal support order. The trial court also denied appellant's motion for relief from judgment under Civ.R. 60(B).

Though the court denied appellant's motion for modification and/or relief from judgment, the court did modify the jail sentence and the amount of payments for spousal support in arrears. The court reduced appellant's jail sentence to ten days and reduced the amount he was to pay in arrearage from $100 per month to $25 per month.

On October 3, 1996, appellant timely appealed the trial court's September 5, 1996 judgment entry.

Appellant sets forth two assignments of error. In his first assignment of error, appellant claims:

"The trial court erred in finding the defendant in contempt by holding the hearing for review of the magistrate's decision in the absence of the defendant, contrary to the requirements of the Ohio and United States Constitutions."

In its February 15, 1996 decision, the magistrate stated:

"The Magistrate finds that the defendant is in contempt of the prior Court's orders, and recommends a sentence of ten days in the County jail. The Magistrate further recommends that an additional sentence be imposed of ten days, based on the Court's entry of September 29, 1992, wherein the defendant failed to apply his 1991 Federal Income Tax refund to the mortgage obligation owed to Central Federal Savings and Loan. Sentencing Review before Judge Tobin is set for March 1, 1996 at 2:00 p.m. Defendant ordered to appear on that date and time."

On February 29, 1996, appellant timely objected to the magistrate's decision. A hearing on appellant's objections was set for August 30, 1996. On August 15, 1996, appellant filed a "Motion to Continue" the August 30, 1996 hearing, stating that he was in ill health due to a recent heart attack. On August 23, 1996,

appellant submitted a letter signed by John D. Dunkel, M.D., indicating that appellant was recovering from open-heart surgery and recommending "deferment of any stressful or significant travel related situations" for at least eight weeks. At the time, appellant was a resident of, and would be traveling from, Alabama. In an August 26, 1996 judgment entry, the trial court judge stated:

"Defendant's Motion for Continuance of the hearing on the Objections to the Magistrate's Decision is denied. This matter can proceed in the absence of the Defendant since the Objections to the Magistrate's Decision is treated essentially as an appeal based on the record and the Magistrate's Decision and arguments of the counsel."

On September 5, 1996, in an opinion and judgment entry, the trial court judge upheld the decision of the magistrate, with the following modifications:

"The Magistrate sentenced the defendant to ten (10) days in jail, and found that the defendant had been previously sentenced to ten (10) days in jail, but not purged himself, and reimposed that sentence.

" * * *

"It is the opinion of the Court that the Magistrate could only impose the ten (10) days she imposed for the current motion for contempt, not the previous ten (10) days.

" * * *

"(B) The Defendant is sentenced only to ten (10) in the Minimum Security Misdemeanant Jail, and the other ten (10) days is held for naught."

In *Winkler v. Winkler* (1991), 81 Ohio App.3d 199, 201, 610 N.E.2d 1022, 1023, the Ninth District Court of Appeals set forth the distinction between civil and criminal contempt:

"It has been stated that '[s]entences for criminal contempt are punitive in nature and are designed to vindicate the authority of the court.' *State v. Kilbane* (1980), 61 Ohio St.2d 201, 205, 15 O.O.3d 221, 223, 400 N.E.2d 386, 390. Criminal contempt 'is usually characterized by an unconditional prison sentence.' *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 139, 15 OBR 285, 287, 472 N.E.2d 1085, 1088. By contrast, 'civil contempt is to coerce the contemnor in order to obtain compliance with the lawful orders of the court.' *Kilbane, supra,* 61 Ohio St.2d at 205, 15 O.O.3d at 223, 400 N.E.2d at 390. In civil contempt the ' "contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as ordered." ' *Pugh, supra,* 15 Ohio St.3d at 139, 15 OBR at 287, 472 N.E.2d at 1088 (quoting *Brown v. Executive 200, Inc.* [1980], 64 Ohio St.2d 250, 253, 18 O.O.3d 446, 448–449, 416 N.E.2d 610, 612–613)."

■ Based on the aforementioned decisions of the magistrate and trial court judge, we conclude that appellant was held in contempt for his failure to comply with the court's September 29, 1992 entry. The punishment imposed does not reflect a coercive purpose, as there was no condition appellant could have complied with to avoid the punishment once it was imposed. Thus, we conclude that the court was exercising its criminal contempt power pursuant to R.C. 2705.02(A), which states:

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of the court or an officer[.]"

R.C. 2705.03 states:

"In cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel. This section does not prevent the court from issuing process to bring the accused into court, or from holding him in custody, pending such proceedings."

■ A criminal contemnor is afforded the same constitutional rights and privileges as a defendant in a criminal action, including the right to due process. See *Schrader v. Huff* (1983), 8 Ohio App.3d 111, 112, 8 OBR 146, 147–148, 456 N.E.2d 587, 587–588. At a minimum, due process of law requires proper notice and an opportunity to be heard. See *Mathews v. Eldridge* (1976), 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18. See, also, *Sherman v. Cedar Fair Ltd. Partnership* (1992), 79 Ohio App.3d 272, 277, 607 N.E.2d 84, 87. This includes the right to be present at every stage of his or her trial, absent waiver or other extraordinary circumstances. See *State v. Williams* (1983), 6 Ohio St.3d 281, 286, 6 OBR 345, 349–350, 452 N.E.2d 1323, 1329–1330. For even a criminal contemnor who had not waived his right to be present could not be tried and sentenced in absentia. *Adams v. Epperly* (1985), 27 Ohio App.3d 51, 27 OBR 54, 499 N.E.2d 374, syllabus.

■ Appellant was not present at the August 30, 1996 proceeding in which his punishment was ultimately imposed and had not waived his right to be present. Thus, appellant's due process rights were violated. If the trial court had cause, it could have held appellant in contempt for his August 30, 1996 failure to appear or issued a bench warrant for his arrest. It could not punish appellant as a criminal contemnor in absentia.

Appellant's first assignment of error has merit.

In his second assignment of error, appellant contends:

"The trial court erred in finding that the trial court lacked jurisdiction to modify or terminate spousal support."

In the judgment entry that set forth the terms of the spousal support to be paid to the appellee, there was no reservation of jurisdiction to modify or terminate support. Appellant believes that the trial court's failure to reserve jurisdiction was prejudicial. Appellant also believes that he suffered prejudice because there was no warning by the court or by opposing counsel advising him that a reservation of jurisdiction was not included in the court's order. Appellant proceeded *pro se* at the trial level.

Appellant did not directly appeal the trial court's November 30, 1990 judgment entry ordering spousal support payments. Rather, appellant filed a "MOTION TO TERMINATE OR MODIFY SPOUSAL SUPPORT AND/OR FOR RELIEF FROM JUDGMENT" approximately five years after the November 30, 1990 judgment was entered.

In the absence of an express reservation of jurisdiction, a trial court has no authority to modify or terminate a spousal support order. R.C. 3105.18(E) governs postdecree modifications of spousal support and states, in part, as follows:

"(E) If a continuing order for periodic payments of money as alimony is entered *in a divorce* or dissolution of marriage action that is *determined on or after May 2, 1986, and before January 1, 1991,* or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, *the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support* unless the court determines that the circumstances of either party have changed and *unless one of the following applies:*

"(1) *In the case of divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.*" (Emphasis added.)

In *Merkle v. Merkle* (1996), 115 Ohio App.3d 748, 752, 686 N.E.2d 316, 319, this court, in interpreting the aforementioned statute, stated the following:

"Under the * * * statute, *there must be included in the judgment entry of divorce a clear intention to reserve jurisdiction to modify the alimony award.*" (Emphasis added.)

Appellant cites the Ohio Supreme Court case of *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83. In that case, the court stated that a trial court

*should* reserve jurisdiction to modify spousal support. It appears that appellant has interpreted *Kunkle* as mandatory rather than aspirational.

Furthermore, *Kunkle* dealt with a direct appeal of a judgment entry. In the case at bar, appellant did not directly appeal the judgment entry that awarded spousal support. Only after approximately five years had passed did appellant question the validity of the judgment entry.

Based on this court's holding in *Merkle*, the trial court was correct in refusing to modify or terminate the spousal decree order in the absence of a specific provision reserving jurisdiction. For this reason, appellant's claim that the trial court erred in finding that it had no jurisdiction to alter the spousal support order is without merit.

█ Along with appellant's argument that the court did have jurisdiction to alter the spousal support order, appellant makes the argument that he was coerced into signing the judgment entry. Appellant also makes claims of unconscionability, overreaching, and a violation of public policy. These claims are without merit.

Nothing in the record suggests that appellee's counsel coerced appellant into signing the judgment entry that ordered spousal support. Further, nothing in the record shows unconscionability, overreaching, or a violation of public policy. The record gives every indication that appellant signed the entry freely and voluntarily without any improper pressure or tactics from opposing counsel.

In appellant's brief, appellant seems to make the argument that opposing counsel was required to warn appellant of the absence of a reservation of jurisdiction. Appellant, however, has failed to cite any authority to support such a claim.

Appellant also argues that the trial court erred in denying his motion for relief from judgment under Civ.R. 60(B).

Civ.R. 60(B) provides in part:

"Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

In order to prevail on a motion brought under Civ.R. 60(B), the movant must show the following:

" * * * (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, syllabus.

The above requirements are independent and in the conjunctive. *Id.* at 151, 1 O.O.3d at 88–89, 351 N.E.2d at 116. Therefore, each one of the requirements must be fulfilled. *Id.* See, also, *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914, 915–916. Appellate courts will not reverse a lower court's decision regarding a 60(B) motion absent an abuse of discretion. *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134, 1136, citing *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566–567.

Appellant's 60(B) motion seems to be based on Civ.R. 60(B)(4), as appellant had alleged that it was "no longer equitable that the award [of spousal support] should have prospective application." The magistrate's February 15, 1996 decision, which was affirmed by the trial court judge, stated:

"Defendant's [appellant's] motion in the alternative for relief from Judgment is not well taken, in that defendant argues that it is no longer equitable that the award should have prospective application. Defendant presented no evidence that this award was no longer inequitable, other than the fact that he has had to obtain new employment. Defendant has failed to meet any of the obligations which he has under this award and comes before this Court with unclean hands asking the Court to relieve him from a Judgment which he has failed to follow in all respects. It is the decision of the Magistrate that the motion for relief from Judgment should be denied."

The magistrate's finding that appellant was not entitled to relief under Civ.R. 60(B)(4) is supported by the record. Appellant had thus failed to fulfill the second requirement needed to prevail on a motion for relief from judgment. See *GTE Automatic Elec., supra.* Consequently, it cannot be said that the trial

court's decision affirming the magistrate and denying appellant's motion for relief from judgment amounted to an abuse of discretion.

Appellant's second assignment of error is without merit.

The decision of the trial court is hereby affirmed in part and reversed in part and the trial court's decision imposing a ten-day jail sentence is hereby vacated.

*Judgment accordingly.*

Cox, J., concurs.

Waite, J., dissents.

Waite, Judge, dissenting.

While I would agree with the decision reached by my colleagues that absent clear language in a separation agreement or divorce decree retaining jurisdiction a trial court does not retain jurisdiction to modify spousal support, I respectfully dissent from their opinion that the trial court could not find appellant guilty of contempt in his absence.

I agree with the majority opinion that, in this matter, appellant was sentenced to ten days in jail pursuant to R.C. 2705.02(A) in that he was sentenced in contempt for "[d]isobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of the court or an officer." I differ in my interpretation of R.C. 2705.03, however.

R.C. 2705.03 states that in contempt actions pursuant to R.C. 2705.02, a person charged in contempt must receive notice of the charge and opportunity to be heard; in other words, must receive due process. Specifically, this section states that a person charged in contempt must have "an opportunity * * * to be heard, by himself *or counsel.*" (Emphasis added.) In the instant matter, appellant was well aware that he was facing a contempt action and well aware of the reasons for this charge. In fact, appellant was notified that he was to face a total of twenty days in jail on two separate contempt citations. Appellant, when refused a continuance on his hearing, chose not to be present. Present on his behalf was his counsel of record. Thus, while appellant himself was not heard, his counsel was able to and did speak for him, a scenario anticipated by and completely permitted in R.C. 2705.03. Appellant thus received all the process he was due. Unlike the majority, I find that his decision not to attend the August 30, 1996 hearing was, in fact, a waiver of his right to be present personally. He knew of the citation, knew the possible penalty, knew that his request for continuance was denied, and decided not to attend. While R.C. 2705.03 would allow the trial court to issue process to force him to attend, this section does not mandate that the

court do so, especially in light of the fact that it allows counsel to speak for the accused.

I am troubled by the trial court's decision not to continue the hearing. While it is plain that the court was frustrated with appellant, in view of the doctor's excuse presented by appellant it does not seem too unreasonable to have continued the matter for a few more weeks. That said, however, this court has always been mindful of the fact that these matters lie within the sound discretion of the trial court and I do not find the instant denial of continuance to be an abuse of discretion under the present set of facts.

Further, I do not believe that the contempt citation and order should be vacated by this court. At the most, given the circumstances of this case, the matter should be remanded to the trial court for a new hearing. Vacating the order allows this scofflaw to benefit from his demonstrated lack of respect for the courts.

For all of the foregoing, I respectfully dissent from the majority opinion as to the first issue and would affirm the decision of the trial court in all respects.