OPINION
Defendants-appellants, Barry J. and Donna Jones, appeal from a judgment entered in the Mahoning County Common Pleas Court denying their motions for relief from judgment, for a temporary restraining order, and for a preliminary injunction.
Appellants are husband and wife and own two parcels of property in Poland, Ohio. The parcel at 3580 Hummingbird Hill Drive is their residence and the parcel at 61 Centennial Drive is a residential property which they leased to a tenant. Plaintiff-appellee, NationsBanc Mortgage Company, successor by merger with NationsBanc Mortgage Corporation of New York, f.k.a., Keycorp Mortgage, Inc., successor by merger with Society Mortgage Company, is the holder of two different promissory notes, one secured by a mortgage on the Hummingbird Hill property (Loan Number 1086501796) and the other secured by a mortgage on the Centennial Drive property (Loan Number 1086580055).
On January 11, 1999, appellee filed a complaint to foreclose on the Centennial Drive property. On March 23, 1999, the trial court entered a default judgment against appellants since they did not respond to the complaint. The Centennial Drive property was foreclosed upon and sold at a sheriff's sale to Bruce and Jennifer Tackett, the intervening parties in this case. On July 19, 1999, the court entered a judgment which confirmed the sale and ordered distribution of the proceeds. Appellants, on July 23, 1999, moved for relief from judgment, a temporary restraining order, and a preliminary injunction to vacate the sheriff's sale and restrain the sheriff from issuing a deed to the Centennial Drive property. The court overruled said motions. It is from this judgment that appellants seek relief. On October 12, 1999, this court sustained appellants' motion to stay the execution of the decree in foreclosure of March 23, 1999, during the pendency of this appeal. Appellants alleged in their July 23rd motion that when Mrs. Jones was served with the original complaint she telephoned appellee's counsel to reinstate the mortgage and was told that she would be sent information on how to do so. (Affidavit of Donna Jones). The parties do not dispute that at the time appellee filed the foreclosure action on the Centennial Drive property, appellants were also delinquent in their mortgage payments to appellee for the Hummingbird Hill property. However, appellee had not filed a foreclosure action regarding the Hummingbird Hill property.
On February 19, 1999, appellee sent a letter to Mr. Jones advising him that $5,965.91 was due in order to reinstate Loan Number 1086501796 (the Hummingbird Hill property). Although "Hummingbird Hill" was not specifically mentioned in the letter, there is no dispute that this loan number is the number assigned to the Hummingbird Hill mortgage. The letter also stated that this figure included court costs that would not be incurred until a foreclosure complaint was filed. It also stated that Mr. Jones should contact appellee's office if he had the funds available to reinstate the loan, because the amount quoted ($5,965.91) might be less if the foreclosure complaint had not yet been filed.
Mrs. Jones paid to appellee the sum of $5,665.91 in February and March of 1999. Appellants allege that they believed this money was to stop the foreclosure on the Centennial Drive property, and was not for the payments owed on the Hummingbird Hill mortgage.
Appellants allege two assignments of error, the first of which states:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING DEFENDANTS-APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT ON THE CLEAR GROUNDS OF MISTAKE."
Appellants argue that the trial court should have provided them relief under Civ.R. 60(B)(1) on the grounds of mistake.
The Ohio Supreme Court set out the controlling test for motions brought under Civ.R. 60(B) in GTE Automatic Elec., Inc. v. Arc Industries, Inc. (1976), 47 Ohio St.2d 146. The court stated:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.
Appellants assert that they meet all three elements of the GTE test. First, appellants allege that their payment on March 5, 1999 was an exercise of their right to reinstate the mortgage under the terms of the mortgage on the Centennial Drive property and that this is a meritorious defense to the foreclosure action.
Second, appellants argue that they are entitled to relief under Civ.R. 60(B)(1). Civ.R. 60(B)(1) states:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect."
Appellants claim that they were justified in believing that the letter of February 19, 1999 provided reinstatement instructions for the Centennial Drive property. In support, they note the following. The letter's caption is "NationsBanc Mortgage Corporation vs. Barry J.Jones, et al." which is consistent with the caption of the present case. The letter refers to the amount necessary "to reinstate the above captioned mortgage loan, the subject of the above-referenced foreclosure action." The letter includes the amount of "Foreclosure Fees Costs." Appellants received the letter shortly after Mrs. Jones alleges that she made a phone call to appellee's counsel to discuss the summons and complaint. The letter does not specify the property involved by address. Appellants' contend that they were not advised that the reinstatement instructions were not for the Centennial Drive property. Appellants argue that based on these facts, the resulting action was the product of a mistake.
Third, appellants argue that they filed their motion in a timely manner.
An appellate court will not reverse a trial court's ruling on a Civ.R. 60(B) motion absent a showing of abuse of discretion. Cermak v. Cermak
(1998), 126 Ohio App.3d 589, 598. Abuse of discretion connotes more than an error in judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
All three of the GTE requirements must be met in order to grant the movant relief under Civ.R. 60(B). Cermak, supra at 598. "If the material submitted by the movant in support of its motion contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to refuse to grant a hearing and overrule the motion." Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,105.
The first requirement under GTE is that appellants must have a meritorious defense or claim to present if relief is granted. GTEAutomatic Elec., Inc., supra.
A mortgagor whose property has been foreclosed upon and sold at a sheriff's sale has the right to redeem his property at any time prior to the confirmation of the sale. Women's Federal Savings Bank v. Pappadakes
(1988), 38 Ohio St.3d 143, 146. In the present case, appellants could have redeemed their property prior to the court's confirmation of the sale. They had notice that their property had been sold at a sheriff's sale before the court finally consummated the sale. The court issued an order confirming the sale on July 19, 1999. However, on July 26, 1999, the court ordered that the consummation of the sale be delayed until August 23, 1999. Appellants do not deny that the loan was in default. Furthermore, appellants have not asserted that they have the money necessary to reinstate the mortgage. Given these facts, it was within the court's discretion to conclude that appellants do not have a meritorious defense or claim to present if it granted them relief.
Because appellants were unable to meet the first requirement of theGTE test, the trial court did not comment on the other two requirements since all three must be shown for relief.
Assuming arguendo that appellants had met the first requirement of theGTE test, we will examine whether they satisfied the remaining two requirements. The second requirement under GTE is that appellants must demonstrate that they are entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). GTE Automatic Elec., Inc., supra.
Appellants allege they are entitled to relief under Civ.R. 60(B)(1) on the ground of mistake. They claim that it was a mistake for appellee to provide reinstatement instructions to them for the Hummingbird Hill mortgage, since they had inquired about the Centennial Drive mortgage. Appellants claim that this mistake led to the mistake of appellee obtaining a default judgment in the foreclosure action.
From our view, it appears that the real mistake in the chain of events in this case was on the part of appellants. They mistakenly believed that when they sent appellee $5,665.91, they reinstated the mortgage on the Centennial Drive property. Appellants' misunderstanding is not a ground for relief from judgment. Generally, "relief for a unilateral mistake of a material fact will be denied where such mistake is the result of the negligence of the party seeking relief." Citizens Fed. Bank v. Moncarz
(May 31, 1995), Hamilton App. Nos. C-940300, C-940301, unreported, 1995 WL 324317, at *1, quoting Carucci v. John Hancock Mutl. Life Ins. Co. (1968), 15 Ohio App.2d 1, 3. Appellants' own negligence resulted in their mistaken belief that they reinstated the loan on the Centennial Drive property. Although the letter of February 19, 1999 did not identify the Hummingbird Hill property by address, it is undisputed that the loan number identified in the letter is the loan number assigned to the Hummingbird Hill property. Appellants, knowing that they had two mortgage loans with appellee, simply had to check the loan number on the letter to identify on which loan they were paying. Accordingly, appellants did not meet the second GTE requirement.
The third GTE requirement that appellants must show is that the motion was made within a reasonable time. Where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), the motion must be made not more than one year after the judgment, order or proceeding was entered. GTE AutomaticElec., Inc., supra.
Appellants were served with the original foreclosure complaint on January 16, 1999. The trial court entered default judgment against them on March 23, 1999. Appellants were given notice of the default judgment entered against them within three days of the entry. They did not file their motion for relief from judgment until July 23, 1999, after the sheriff's sale. This motion came more than six months after appellants received notice of the complaint and four months after default judgment was entered.
The court in Fouts v. Weiss-Carson (1991), 77 Ohio App.3d 563, 567, noted that while a party may have a possible right to file a motion to vacate for up to one year after the judgment is entered, the motion must meet the reasonable time provision of Civ.R. 60(B). The court went on to state:
 "`A motion to vacate a default judgment which is filed nearly seven months after actual notice of the action and more than four months after default judgment was entered is not, on its face, a reasonable time within which to file the motion pursuant to Civ.R. 60(B)(5). In the absence of any evidence explaining the delay, the movant has failed to demonstrate the timeliness of the motion.'" (Emphasis sic.) Quoting, Mount Olive Baptist Church v. Pipkins Paints Home Improvement Ctr., Inc. (1979), 64 Ohio App.2d 285, at paragraph two of the syllabus.
Since appellants have not provided any explanation for the four month delay in filing their motion, they have failed to demonstrate that their motion was timely filed. Accordingly, appellants did not meet the third requirement of the GTE test.
Since all three GTE requirements must be shown, it was enough for the court to conclude that appellants were not entitled to relief based upon their failure to meet the first requirement. However, had the court based its opinion on the other two requirements, it would have reached the same conclusion.
Accordingly, appellants' first assignment of error lacks merit.
Appellants' second assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING DEFENDANTS-APPELLANTS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION RESTRAINING AND ENJOINING THE MAHONING COUNTY SHERIFF FROM ISSUING A DEED TO THE SUBJECT PROPERTY."
On October 12, 1999, this court granted a stay of execution of the decree in foreclosure issued on March 23, 1999. The stay prevented the sheriff from issuing the deed for the Centennial Drive property to the Tacketts and from dispensing the money the Tacketts paid for the property until this court decided if appellants should have been granted relief under Civ.R. 60(B). In essence, the stay order acted as a temporary restraining order and a preliminary injunction since no further action could be taken in this case until this appeal was resolved. Therefore, appellants' second assignment of error is moot and we need not address it further since they were granted the temporary relief denied by the trial court in regard to maintaining the status quo during the pendency of this appeal.
Accordingly, the decision of the trial court is hereby affirmed.
VUKOVICH, J., concurs, WAITE, J., concurs