OPINION
Defendant-appellant, Alex E. Paris Contracting Company, appeals from a judgment of the Jefferson County Court of Common Pleas that vacated its prior judgment entry granting appellant's motion for entry of final judgment.
Plaintiffs-appellees are a group of homeowners who purchased units in a newly developed condominium complex known as "Steeple-Chase at Steuben Woods" located in Steubenville, Ohio. Appellees filed a lawsuit against seven defendants (including appellant) who were involved in the construction of the complex alleging that each of the defendants contributed to the damage to the condos caused by unfavorable sub-surface conditions. Appellant was hired as the soil engineer by co-defendant Pennsylvania Soil Rock, Inc. to complete sub-surface remediation and site work for the development.
After some discovery, appellant moved for summary judgment. The trial court granted appellant's motion on April 25, 2000. On May 3, 2000, appellant requested that the trial court make its April 25th judgment final according to Civ.R. 54(B). The trial court granted appellant's request on May 8, 2000 and designated its decision a final appealable order by including the language "no just reason for delay."
On May 26, 2000, appellees filed a motion for reconsideration requesting that the trial court reconsider its order designating the summary judgment award a final appealable order. The trial court issued an order pursuant to Civ.R. 60(B) on June 15, 2000, which vacated the May 8th order to the extent that the summary judgment award was a final appealable order. The order left the award of summary judgment intact but found that just reason for the delay of final judgment existed until reaching final judgment as to all of the parties in the action. This timely appeal followed.
Appellant raises a single assignment of error which states:
 "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED PLAINTIFFS RELIEF FROM JUDGMENT UNDER CIV.R. 60(B)."
Appellant alleges that the trial court improperly utilized Civ.R. 60(B) in response to appellees' motion for reconsideration. Appellant argues that the trial court was without authority to consider appellees' motion for reconsideration since the Ohio Rules of Civil Procedure do not recognize motions for reconsideration of a final judgment. Citing, Pittsv. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. Accordingly, appellant argues, the trial court's response to the motion for reconsideration is a nullity.
Next, appellant argues that even if the court interpreted the motion for reconsideration as a Civ.R. 60(B) motion for relief from judgment, the court still did not have sufficient grounds to alter its previous judgment. Appellant claims that appellees did not demonstrate that they have a meritorious claim as is required for them to be entitled to relief. Appellant further argues that appellees did not meet Civ.R. 60(B)(5) which is the "catch-all" provision that permits relief from judgment for "any other reason [not identified in (B)(1) through (4)] justifying relief from judgment." Appellant points out that Civ.R. 60(B)(5) should be used only in extraordinary circumstances when warranted by the interests of justice. Citing, Cerney v. Norfolk W.Ry. Co. (1995), 104 Ohio App.3d 482, 491 Civ.R. 60(B) states in part, "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." The Ohio Rules of Civil Procedure do not recognize motions for reconsideration after a final judgment in the trial court. Pitts, 67 Ohio St.2d at paragraph one of the syllabus. The proper vehicle for relief from a final judgment is a motion to vacate under Civ.R. 60(B). Civ.R. 60(B); Pitts, 67 Ohio St.2d at 380. Furthermore, "[i]t has long been recognized that trial courts have been allowed some discretion to treat a motion for reconsideration as a motion to vacate under Civ.R. 60(B)." Pete's Auto Sales v. Connor (Aug. 24, 2000), Cuyahoga App. No. 77014, unreported, 2000 WL 1222015, at *3. See, also, Malloy v. Kraft General Foods, Inc. (June 14, 1999), Mahoning App. Nos. 95-CA-241 and 95-CA-245, unreported, 1999 WL 420847.
Accordingly, it was within the trial court's discretion to treat appellees' May 26th motion as a Civ.R. 60(B) motion rather than as a motion for reconsideration.
The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in GTE Automatic Elec., Inc. v. Arc Industries, Inc. (1976),47 Ohio St.2d 146. The court stated:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.
An appellate court will not reverse a trial court's ruling on a Civ.R. 60(B) motion absent a showing of abuse of discretion. Cermak v. Cermak
(1998), 126 Ohio App.3d 589, 598. Abuse of discretion connotes more than an error in judgment, it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
The first requirement under GTE is that appellees must have a meritorious claim to present if relief is granted. GTE Automatic Elec.,Inc., supra. To meet this requirement appellees need only to allege a meritorious claim, they need not prevail on the merits. Moore v. EmmanuelTraining Ctr. (1985), 18 Ohio St.3d 64, 67.
In their complaint, appellees allege that appellant was negligent in performing sub-surface remediation and, due to such negligence, the subsoil within the condominium development was unstable and therefore unsuitable for the construction of their residential dwellings. In their motion, appellees stated that their negligence claims against the other defendants in this case are intertwined with the negligence claim against appellant. Thus, appellees have alleged a meritorious claim that the summary judgment order in question should not be a final appealable order.
The second requirement under GTE is that appellees must demonstrate that they are entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). GTE Automatic Elec., Inc., supra.
Civ.R. 60(B) states the grounds for relief as follows:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 "(1) mistake, inadvertence, surprise or excusable neglect;
 "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
 "(3) fraud * * *, misrepresentation or other misconduct of an adverse party;
 "(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
 "(5) any other reason justifying relief from the judgment.
Since appellees did not allege any of the grounds for relief listed in Civ.R. 60(B)(1) through (4), if they are entitled to relief it is on the basis of Civ.R. 60(B)(5) Civ.R. 60(B)(5) gives the court power "to relieve a person from the unjust operation of a judgment."Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, at paragraph one of the syllabus.
In their May 26th motion, which they termed a "motion for reconsideration," appellees argued that there is a long-standing policy against piecemeal appeals. Appellees further asserted that the court's order granting appellant summary judgment did not meet the Civ.R. 54(B) requirements because there is ample reason to delay appeal of that order. Appellees asserted that the postponement of appeal serves the interest of judicial economy. Appellees also argued in their motion that an immediate appeal would be an undue hardship on them because many of them are retired and living on fixed incomes.
Appellees' complaint asserts various causes of action against seven defendants: First City Company, Steuben Woods Associates, Casa Properties Partners, Casa Properties, Inc., Ohio River Collieries Company, Pennsylvania Soil and Rock, Inc., and appellant. These defendants were all involved in various stages of building the condominium development where appellees reside. The causes of action against these defendants are intertwined. Appellees' complaint alleges that the defendants were negligent in building the condos since they were aware of unfavorable sub-surface conditions. It also alleges fraud and misrepresentation on the part of several defendants for concealing from appellees the fact that the development was being constructed on voids, strip-mine fill, and highwall.
Ohio has a strong policy against piecemeal appeals. Whitaker v. Kear
(1996), 113 Ohio App.3d 611, 615; Alexander v. Buckeye Pipe Line Co. (1977), 49 Ohio St.2d 158, 160. Since there are seven defendants who were all involved in constructing the condos, it is possible that some may be at fault while others may not be at fault. It is not judicially practical to allow one of these defendants to appeal a decision until all claims against all defendants have been resolved. Furthermore, waiting to resolve all of the claims may eliminate the need to appeal certain rulings, including the decision granting appellant summary judgment.
Given the above reasoning, appellees were entitled to relief from the trial court's decision that classified its previous judgment entry as a final appealable order.
The final requirement under GTE that appellees must demonstrate is that they filed their motion within a reasonable time. GTE Automatic Elec.,Inc., supra. The trial court entered its judgment on May 8, 2000. Appellees filed their motion on May 26, 2000, just eighteen days later. Thus, appellees met the timeliness requirement.
Since appellees met all three GTE requirements, the trial court properly granted their motion. Therefore, appellant's sole assignment of error lacks merit.
Accordingly, the trial court's decision is hereby affirmed.
 ____________ DONOFRIO, J.
Vukovich, J., concurs.
DeGenaro, J., concurs.