OPINION
Defendant-appellant, Brett Riddle, appeals from the decisions of the Noble County Court, Small Claims Division, which awarded plaintiff-appellee, Buddy Gadd, Jr., $2,331.19 and overruled appellant's motion for relief from judgment.
Appellant and appellee entered an agreement whereby appellee would complete certain remodeling work on a house owned by appellant for $29,868.00. A disagreement arose between the parties concerning payment of the final amount owing and completion of the work. Appellee asked appellant to pay the balance on the contract and he refused. Appellee filed the present action against appellant seeking $3,000 for repairs made to the house, although he claimed the balance on the contract was higher. Appellant filed a counterclaim seeking $3,000 in damages for expenses he incurred from having to pay someone else to complete the remodeling job. Appellee had not yet completed the work but refused to do so until appellant paid the remaining balance in full.
The trial court held a hearing on the matter on February 12, 2001. The court found that neither party provided evidence to support their position and therefore granted them both time to supplement their testimony by filing documentation of the cost of materials in the job, which they did.
The court held a second hearing on March 19, 2001. Appellant did not appear at this hearing. The trial court found that the balance remaining on the contract was $6,552.19. It also found that appellant had to expend $4,221.00 to have the remodeling work completed once appellee refused to finish the work. Therefore, the court found that appellant owed appellee the difference between the balance remaining and the extra money appellant spent, or $2,331.19.
On March 20, 2001, the trial court entered its judgment against appellant in the amount of $2,331.19 plus interest. Appellant filed a Civ.R. 60(B) motion for relief from judgment on March 23, 2001. The trial court held a hearing on appellant's motion, which it denied in its April 12, 2001 judgment entry. Appellant filed his notice of appeal on April 18, 2001.
Appellant alleges two assignments of error, the first of which states:
 "THE TRIAL COURT DENIED APPELLANT A FAIR TRIAL WHEN IT DENIED HIS CIVIL RULE 60(B) MOTION."
Appellant argues that the trial court erred in overruling his Civ.R. 60(B) motion because the court was confused at the end of the first hearing. Appellant asserts that the court never gave him the opportunity to argue his case.
Appellant did not attend the second hearing. He alleges that he contacted the court before the second hearing and was advised that the court would permit his father to present evidence on his behalf. When appellant's father appeared at the second hearing to argue appellant's case, the court would not allow him to represent appellant since he was not an attorney.
Although appellee filed a pro se brief in this matter, he failed to include a table of contents, to cite to any authorities or places in the record to support his case, or to make any substantive arguments against appellant's assertions as required by App.R. 16. Appellee merely recites his version of the facts.
The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in GTE Automatic Elec., Inc. v. Arc Industries, Inc. (1976),47 Ohio St.2d 146. The court stated:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.
An appellate court will not reverse a trial court's ruling on a Civ.R. 60(B) motion absent a showing of abuse of discretion. Cermak v. Cermak
(1998), 126 Ohio App.3d 589, 598. Abuse of discretion connotes more than an error in judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
It is apparent that appellant's motion was timely; he filed it three days after the court entered its judgment. It also seems that appellant has a meritorious claim to assert. Appellant argues that the trial court erred in awarding damages to appellee for incomplete work and that he has a claim against appellee for breach of contract.
Accordingly, our analysis turns on whether appellant meets the second prong of the GTE test.
The trial court stated in its judgment entry that none of the grounds set forth in Civ.R. 60(B)(1) through (5) applied to appellant. The grounds for relief listed in Civ.R. 60(B) are:
 "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
In his motion for relief from judgment, appellant did not specify under which grounds he was entitled to relief. He claimed that he contacted the court to ask if his father could represent his interests at the second hearing and was told that the court would permit his father to do so. He stated that since the court did not allow his father to represent him at the hearing, the court never heard his explanation of the evidence. Therefore, he argued that he was entitled to relief under Civ.R. 60(B).
Since appellant's Civ.R. 60(B) motion does not qualify for any of the specific grounds for relief listed in Civ.R. 60(B)(1) through (4), if he is entitled to relief it would be under Civ.R. 60(B)(5). "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. However, the grounds for invoking said provision should be substantial."Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66.
The trial court gave appellant notice of the March 19, 2001 hearing on March 7, 2001. Appellant informed the court by way of a letter on March 16, 2001 that he would be unable to attend the hearing and asked the court if his father could "sit in [his] place." Appellant attached an affidavit to his Civ.R. 60(B) motion stating that the court informed him that it would permit his father to represent him at the hearing. However, no independent evidence on the record supports this assertion.
Moreover, the court did not hear any evidence at the March 19, 2001 hearing. It simply explained its findings and announced its judgment. Appellee did not testify or present any evidence. Also, the court made it clear that had appellant appeared at the hearing, it would not have permitted him to testify or present evidence. When the court held the March 19, 2001 hearing, it had already reached its decision. The court stated that the purpose of the hearing was to announce its judgment and explain to the parties how it arrived at its judgment. Therefore, had appellant appeared at the March 19, 2001 hearing, the outcome of the case would remain the same because the court had already reached its decision.
Accordingly, appellant has not demonstrated that the trial court abused its discretion in denying his Civ.R. 60(B) motion. Thus, appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT MONEY WAS DUE AND OWING TO APPELLEE, SAID DECISION BEING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant argues that the trial court's decision was against the manifest weight of the evidence. He claims that the court did not understand the evidence before it. Appellant also asserts that the court did not allow him an opportunity to present his evidence because it did not allow his father to represent his interests at the second hearing.
Our standard of review has been set forth by the Ohio Supreme Court inSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77:
"`Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' * * * We believe that an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Id. at 80, quoting C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279.
In addition, "[t]he trial court is entitled to make its own determination as to the weight of the evidence and, more important, credibility of the witnesses because it is in the best position to observe the witnesses' gestures and voice inflections." Rogers v. Hill
(1998), 124 Ohio App.3d 468, 470.
The trial court made the following findings. Both parties agreed that a final installment of $6,552.19 existed on the contract. Appellee did not complete the remodeling work on appellant's house. Appellant had to expend $4,221.00 to have the remaining work completed. The balance between the two figures is $2,331.19. Accordingly, appellant owes appellee $2,331.19.
Competent, credible evidence exists to support the trial court's judgment. Although both of the parties' testimony and exhibits are convoluted, the following evidence is ascertainable. At the first hearing appellee testified that he provided materials for the remodeling job in the amount of $6,552.19, which appellant had not yet paid for. After the hearing, appellee submitted to the trial court lists of materials that he purchased and used in remodeling appellant's house for which appellant still owed him. Appellant submitted an itemized list of the expenses he incurred to complete the work on the various areas of the house that appellee failed to complete. Appellant gave a total of $4,221.00 as the amount he had to spend to bring the house to the condition contemplated by the parties when they entered the contract.
The difference between the amount that appellant owed appellee for materials already used in appellant's house and the amount that appellant spent to have the remodeling work completed equals $2,331.19, which is the amount the court awarded appellee. Although the trial court admittedly was confused as to the parties' testimony at the first hearing, the court was in the best position to evaluate the evidence presented at the hearing and later filed with the court. Thus, is appears that competent evidence existed on the record to support the trial court's judgment.
Accordingly, appellant's second assignment of error is without merit.
For the reasons stated above, the decision of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.